CLARK CALLAWAY, D/B/A CLARK'S SEAFOODS v. ELLEN FREEMAN, D/B/A
HARBORSIDE RESTAURANT

No. 843DC130

(Filed 20 November 1984)

**Rules of Civil Procedure § 60.2— motion to set aside judgment—no notice of trial calendar**

Defendant's motion to set aside a judgment against her for mistake and excusable neglect should have been granted where the record shows that defendant never received a trial calendar notice and did not know the case had been calendared for trial, and where there was a clear violation of Rule 2(b) of the General Rules of Practice for the Superior and District Courts, which require that civil calendars be published and distributed no later than four weeks prior to the first day of court. G.S. 1A-1, Rule 60(b).

APPEAL by defendant from *Lumpkin, Judge.* Judgment entered 23 November 1983 in CARTERET County District Court. Heard in the Court of Appeals 25 October 1984.

On 13 April 1983, plaintiff filed and properly served upon defendant a complaint in which plaintiff alleged defendant purchased various items of seafood from plaintiff for use in defendant's restaurant business and that defendant owed plaintiff $2,848.00 on open account. Subsequently, defendant sent a letter to plaintiff informing plaintiff that: "Harbour Side Inc. ceased to be the management corporation of Harbour Side Restaurant effective Feb. 28, 1983. Harbour Side Restaurant went out of business effective May 7, 1983. I, Ellen Freeman am not responsible for corporate debts." The case was subsequently calendared for trial. Defendant did not appear at trial; plaintiff offered evidence at trial. At the conclusion of the trial, the court entered judgment for plaintiff in the amount alleged to be due. Defendant subsequently filed a motion to set the judgment aside, which motion was denied by the trial court. From denial of her motion, defendant has appealed.

*L. Patten Mason for plaintiff.*

*Ward and Smith, P.A., by Kenneth R. Wooten, for defendant.*

WELLS, Judge.

Defendant contends that her N.C. Gen. Stat. § 1A-1, Rule 60(b) of the Rules of Civil Procedure motion to set the judgment aside should have been granted because of her mistake and excusable neglect and because of the misconduct of plaintiff. We do not address the misconduct issue, but hold that defendant did show excusable neglect, and reverse.

The record before us shows that defendant clearly demonstrated that she never received a trial calendar notice and did not know the case against her had been calendared for trial. The record also shows that the case was calendared for trial on 11 July 1983, following a request by plaintiff's attorney, dated 8 July 1983, and that the case was calendared for trial on 25 July 1983. This was a clear violation of Rule 2(b) of the General Rules of Practice for the Superior and District Courts, which requires that civil calendars shall be published and distributed to attorneys of record (or party where there is no attorney of record) "no later than four weeks prior to the first day of court." Under these circumstances, defendant was unfairly and unlawfully denied the opportunity to appear and defend the action against her. The interest of justice requires that the order of the trial court denying defendant's Rule 60(b) motion be reversed, that the judgment against defendant be vacated, and that this case be remanded for proper calendaring for trial.

Reversed, judgment vacated, and remanded.

Judges ARNOLD and BECTON concur.